# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**August 6, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MEADOW RIDGE DEVELOPMENT, LLC,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-415**          (Cir. Ct. Kanawha Cnty. Case No. CC-20-2025-P-356)

**EUREKA MIDSTREAM, LLC,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Meadow Ridge Development, LLC ("Meadow Ridge") appeals the September 18, 2025, order of the Circuit Court of Kanawha County denying its petition for anti-suit injunction and dismissing its petition for declaratory judgment against Respondent Eureka Midstream, LLC ("Eureka"). Eureka filed a response.[1] No reply was filed.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision, but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21 of the West Virginia Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the circuit court's decision is reversed, and the matter is remanded to circuit court.

The circuit court's error in this case is straightforward and does not require an extensive discussion of the facts. It is sufficient to note that the underlying matter is a gas-well contract dispute between the parties involving wells in Wetzel County that Meadow Ridge owns and operates. Pursuant to a 2020 agreement, Eureka is the exclusive gas gatherer for certain Meadow Ridge wells. That agreement includes a forum selection clause designating Harris County, Texas as the forum for disputes between the parties, while an earlier gas gathering agreement designated Kanawha County, West Virginia.

This litigation began in June 2025 after Meadow Ridge notified Eureka that it intended to retain a different gas gatherer for its Wetzel County wells. Eureka then filed a petition for a temporary restraining order in Texas, invoking the Texas forum selection clause. In this parallel suit, Meadow Ridge filed petitions for declaratory judgment and an

---

[1] Meadow Ridge is represented by J. Robert Russell, Esq., Brian J. Warner, Esq., John F. McCuskey, Esq., and Corey S. Young, Esq. Eureka is represented by John K. Gisleson, Esq., Steven N. Hunchuck, Esq., and Jennifer J. Hicks, Esq.

anti-suit injunction in Kanawha County. Meadow Ridge sought the injunction to prevent Eureka from proceeding with the Texas case. After hearing Meadow Ridge's petitions on August 18, 2025, the circuit court issued its order on September 18, 2025, denying Meadow Ridge's request for an injunction and dismissing its petition for declaratory relief.

In that order, the court made several legal determinations. For purposes of this appeal, however, the relevant issue is Meadow Ridge's challenge to the circuit court's conclusion that it lacked subject matter jurisdiction over the dispute because the most recent agreement designated Texas as the parties' chosen forum. On appeal, we apply our established multi-pronged, deferential standard of review: we review the circuit court's ultimate disposition for an abuse of discretion, its findings of fact for clear error, and its legal conclusions de novo. Syl. Pt. 2, *Walker v. W. Va. Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997). "Whether a circuit court has subject-matter jurisdiction is an issue of law reviewed *de novo.*" Syl. Pt. 2, *In re K.A.*, 251 W. Va. 626, 915 S.E.2d 520 (2025).

Upon review, we conclude that the circuit court erred in determining that the forum selection clause deprived it of subject matter jurisdiction in this case. Forum selection clauses raise matters concerning venue, not subject matter jurisdiction. *See Ayers v. Jones*, 2024 WL 4052869, at *3 (W. Va. Ct. App. Sept. 4, 2024) (memorandum decision). "Circuit courts are courts of general jurisdiction and have power to determine all controversies that can possibly be made the subject of civil actions." Syl. Pt. 3, *State ex rel. Silver v. Wilkes*, 213 W. Va. 692, 584 S.E.2d 548 (2003); *see also* W. Va. Code § 51-2-2 (2017). Because the circuit court clearly has jurisdiction over the case, its prior decision must be reversed and the matter remanded for further proceedings.[2]

Accordingly, we reverse the circuit court's September 18, 2025, order and remand the matter for further proceedings.

Reversed and Remanded.

**ISSUED:** August 6, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[2] This decision is limited to the issue of jurisdiction and does not address the forum selection clauses or any other matters addressed by the circuit court or raised on appeal. Those issues are reserved for the circuit court to determine with full consideration on remand.